

# NUMBER 13-11-00422-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

STEVEN PAUL SKINNER A/K/A STEVEN
SKINNER A/K/A STEVEN PAUL SKINNER,                    Appellant,

v.

THE STATE OF TEXAS,                    Appellee.

## On appeal from the 252nd District Court
## of Jefferson County, Texas.

## MEMORANDUM OPINION

## Before Chief Justice Valdez and Justices Rodriguez and Garza
## Memorandum Opinion by Chief Justice Valdez

Appellant, Steven Paul Skinner a/k/a Steven Skinner a/k/a Steven Paul Skinner [1]

pleaded guilty to possession of a controlled substance, hydrocodone, in an amount

---

[1] We note that this is the exact style used by the trial court in its judgment and that it includes the modifier "a/k/a" even though the two names cited in the judgment are identical. Neither appellant nor the State contend that the wrong party was charged in this case.

equal to or greater than 200 grams but less than 400 grams, and was placed on deferred adjudication community supervision for a period of five years. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.117(d) (West 2010). On June 6, 2011, the trial court held a hearing on the State's motion to revoke appellant's community supervision. Appellant pled "true" to counts 3, 7, and 8 of the State's motion. The trial court found those counts to be true, revoked appellant's probation, and sentenced appellant to a twelve-year prison term. Appellant's counsel has filed an *Anders* brief with this Court, reviewing the merits, or lack thereof, of the appeal in this cause and concluding that the appeal is frivolous.[2] We affirm.

## I. *ANDERS*

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), appellant's counsel has filed a brief with this Court stating that he has found no reversible error committed by the trial court and no arguable ground of error upon which an appeal can be predicated. Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. Counsel's brief sets out, in great detail, relevant portions of the record that may provide potentially appealable issues. See *In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance arguable points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

---

[2] This case is before the Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has carefully discussed why, under controlling authority, there are no errors in the trial court's judgment. Counsel has informed this Court that he has forwarded a copy of his brief to appellant and has informed appellant of his right to review the record and to file a pro se response.[3] *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than an adequate time has passed, and appellant has not filed a pro se response.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record, including counsel's brief; however, we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80

---

[3] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

3

(Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)).  We grant counsel's motion to withdraw.  Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to appellant and advise him of his right to file a petition for discretionary review.[4]  *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

_____
ROGELIO VALDEZ
Chief Justice

Do not Publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
5th day of April, 2012.

---

[4] No substitute counsel will be appointed.  Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court.  *See* TEX. R. APP. P. 68.2. Effective September 1, 2011, any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals.  *See id.* R. 68.3.  Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  *See id.* R. 68.4.